**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Farm Bureau Mutual Insurance Company,

                       Plaintiff,

                                                Civ. No. 05-1233 (RHK/JJG)
                                                **MEMORANDUM OPINION
                                                AND ORDER**

v.

David Wilcox,

                       Defendant.

Mark S. Brown, Paul E.D. Darsow, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, Minnesota, Jeffrey A. Egge, Iverson Reuvers, LLC, Bloomington, Minnesota, for Plaintiff.

Jonathan C. Miesen, Lindquist & Vennum P.L.L.P., Minneapolis, Minnesota, for Defendant.

**INTRODUCTION**

A house owned by David Wilcox was severely damaged by running water after it had been unoccupied for more than sixty consecutive days. Plaintiff Farm Bureau Mutual Insurance Company ("Farm Bureau"), the insurer of the house, brought this action seeking a declaration that the water damage is excluded from coverage under the insurance policy. Farm Bureau now moves for summary judgment. For the reasons set forth below, the Court will grant the Motion.

**BACKGROUND**

Wilcox owned a house near Dodge Center, Minnesota, which he rented to tenants. (Wilcox Examination Under Oath ("Wilcox Exam.") at 10, 16-20.) Farm Bureau issued an insurance policy covering the house (the "Policy").[1]  (Compl. at ¶ 15.) The Policy covers "special" causes of loss and provides that "[w]hen the Declarations indicate coverage for Special Causes of Loss, coverage is provided for accidental direct physical loss except as excluded. . . . Refer to the Special Causes of Loss Index in this section." (Brown Aff. Exs. C, H at 2.) The Policy's "Special Causes of Loss Index" provides:

> **Vandalism and Malicious Mischief**
> There is no coverage for loss arising out of vandalism or malicious mischief, or any ensuing loss caused by any intentional and wrongful act committed in the course of the vandalism or malicious mischief, to a dwelling or its contents if the dwelling has been "vacant" or "unoccupied" for more than 30 consecutive days immediately before the loss.  A dwelling being constructed is not considered "vacant" or "unoccupied."

(the "Vacancy/Vandalism Clause"). (Id. at 12.) The Policy provides that a dwelling is "unoccupied" when "it is no longer used as a residence" and that it is "vacant" when "it is empty, containing nothing of significant value." (Id. at 16.)

Wilcox had rented the house from approximately May 2003 until June 2004, when the tenant unexpectedly moved out and left behind some possessions. (Wilcox Exam. at 20-23, 36.) Wilcox contacted the tenant and asked for the removal of the possessions left in the house and advised the tenant that possessions not removed would be disposed of.

---

[1] Neither party has provided the Court with a complete copy of the Policy.

2

(Id.) Over the next several months, Wilcox removed the remaining possessions and performed remodeling and repair work to the house. (Id. at 26, 33.)

On November 21, 2004, Wilcox was putting equipment into a machine shed near the house when he went to the house to use the bathroom. (Wilcox Exam. at 68.) When he entered, he observed water "running" "[t]hrough the ceiling" and covering the floor of the house. (Id. at 81-82.) He went upstairs to "see where the water was coming from." (Id. at 81.) "[He] went in the bathroom and saw that the water was running from the faucet into the sink" and he turned off the faucet. (Id.) The drain plug for the sink's mechanical drain was engaged, preventing the sink from draining and causing the running water to overflow. (Id. at 83-84.) It is not clear from the record who turned the water on and apparently left it running. Farm Bureau asserts the cause to be vandalism and relies primarily upon statements of Wilcox that it appeared to have been "intentional." (Id. at 96-97; Mem. in Supp. at 13.) Wilcox relies upon a recent affidavit of his wife to the effect that she unintentionally left the water running. (Tricia Wilcox Aff. ¶¶ 3-4.) In view of the Court's construction of the Policy, it is not necessary to resolve the factual dispute.

## STANDARD OF DECISION

Summary judgment is proper if, drawing all reasonable inferences favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Cattrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). The moving party bears the burden of showing that the material facts in the case are

undisputed.  See Celotex, 477 U.S. at 322; Mems v. City of St. Paul Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000).  The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the non-moving party.  See Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997).  The non-moving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial.  See Anderson, 477 U.S. at 256; Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

## ANALYSIS

In Minnesota, the interpretation of an insurance policy is a question of law and is governed by general principles of contract construction.  Progressive Specialty Ins. Co. v. Widness ex rel. Widness, 635 N.W.2d 516, 518 (Minn. 2001).  Clear, unambiguous language is given its ordinary meaning, while ambiguity is resolved against the insurer.  Id. In interpreting insurance policy provisions, the policy is construed as a whole.  See Watson v. United Servs. Auto Ass'n, 566 N.W.2d 683, 692 (Minn. 1997).

The insurer bears the burden of proving the applicability of any potential exclusion to an insurance policy.  SCSC Corp. v. Allied Mut. Ins. Co., 536 N.W. 2d 305, 311 (Minn. 1995).  Exclusion clauses are narrowly interpreted against the insurer.  Id.  However, "where such exclusions are clear and susceptible to only one fair interpretation, courts

generally apply them pursuant to their plain terms." Miller v. ACE USA, 261 F. Supp. 2d 1130, 1139 (D. Minn. 2003).

Farm Bureau seeks summary judgment on two grounds: 1) the water damage is excluded from coverage because it occurred after the house was vacant for more than sixty consecutive days, and 2) the damage is excluded from coverage because it was caused by "vandalism or malicious mischief" after the property had been vacant or unoccupied for thirty consecutive days. (Mem. in Supp. 6-14.) Because the first argument has merit, the Court need not consider the second.

Minnesota's Standard Fire Policy (the "Standard Policy")[2] provides that:

Unless otherwise provided in writing added hereto this company shall not be liable for loss occurring:

(b) while the described premises, whether intended for occupancy by owner or tenant, are vacant or unoccupied beyond a period of 60 consecutive days. . .

(the "Standard Vacancy/Unoccupancy Clause"). Minn. Stat. § 65A.01, subd. 3. In Minnesota, when a fire insurance policy does not contain a vacancy/unoccupancy clause, the Standard Vacancy/Unoccupancy Clause set forth above applies. Krueger v. State Farm

---

[2] The Standard Policy sets forth a form insurance policy. See Minn. Stat. § 65A.01, subds. 3, 3a. In Minnesota, "[u]se of the [Standard Policy] is mandatory, and its provisions may not be omitted, changed, or waived." Watson, 566 N.W.2d at 690 (citing Heim v. American Alliance Ins. Co. of New York, 180 N.W. 225, 227 (Minn. 1920)). Accordingly, "[w]hen an insurance policy provision is in direct conflict with [the Standard Policy], the [Standard Policy] operates to substitute the statutory provisions for the policy provision." Id. (citing Atwater Creamery Co. v. Western Nat'l Mut. Ins. Co., 366 N.W.2d 271, 275 (Minn. 1985)). Insurance companies may, however, incorporate terms into their policies that provide greater coverage than the coverage included in the Standard Policy. Id.

Fire & Cas. Co., No. C0-94-557, 1994 WL 440258, at *4 (Minn. Ct. App. Aug. 16, 1994) (Krueger II) (see also Krueger v. State Farm Fire & Casualty Co., 510 N.W.2d 204, 208 (Minn. Ct. App. 1993) (Krueger I) (Standard Policy is intended to protect the insured against "unexpected limitations" on coverage).  At oral argument, Wilcox argued that the Policy's Vacancy/Vandalism Clause provides greater coverage than the Standard Vacancy/Unoccupancy Clause because it restricts the terms of the exclusion to damage caused by vandalism.  Accordingly, Wilcox argues that the Policy's Vacancy/Vandalism Clause controls in this case, not the Standard Vacancy/Unoccupancy Clause.[3]

The Minnesota Court of Appeals addressed this same issue in Krueger I and Krueger II.  There, an insurance company had issued a fire insurance policy that contained a thirty-day vacancy/vandalism clause but not a vacancy/unoccupancy clause.  Krueger I, 510 N.W.2d at 207.  Following a bench trial, the district court had directed a verdict for the insurance company based on the Standard Vacancy/Unoccupancy Clause.  Id. at 208.  The appellate court remanded the case for determination of whether the thirty-day vacancy/vandalism provision in the parties' contract "afforded greater coverage than the minimum coverage required by the standard policy."[4]  Id. at 209.

---

[3] Wilcox also argues that the damage to his house was not caused by vandalism (Mem. in Opp'n at 4); Farm Bureau disagrees.  (Reply Mem. at 4.)  Because the Court determines that the Standard Vacancy/Unoccupancy Clause excludes coverage, it is not necessary to determine whether the loss was caused by vandalism.

[4] See supra note 2.

On remand, the trial court determined that the parties' vacancy/vandalism clause and the Standard Vacancy/Unoccupancy Clause each precluded coverage. Krueger II at *1. The Minnesota Court of Appeals affirmed the ruling and stated:

> The issued policy contains no vacancy/unoccupancy clause of any duration. If the actual policy had contained a vacancy/unoccupancy clause of less than 60 days, that clause would have been superseded by the terms of the standard policy. If the issued policy contained a vacancy/unoccupancy clause of more than 60 days, that policy provision would be binding on the insurer.

Id. at *4. Accordingly, the Court held that "[t]he issued policy did not afford greater coverage [than the Standard Policy]." Id. at *5. The same result must obtain here; under Minnesota law, the Vacancy/Vandalism Clause does not afford greater coverage than the Standard Vancancy/Unoccupancy Clause and the Standard Policy must apply.

Wilcox's house was vacant for more than sixty consecutive days. The tenant had moved out of the house in June 2004 and Wilcox had removed all of the tenant's possessions by August 9, 2004. (Brown Aff. Ex. F.) From that date until Wilcox discovered the water damage on November 4, 2004, the house was "vacant and unoccupied." Although Wilcox performed periodic maintenance work on the house, this does not rise to the level of occupying the house such that it is not "vacant" under the Standard Policy. See Vennemann v. Badger Mut. Ins Co., 334 F.3d 772, 773-74 (8th Cir. 2003) (house was vacant when owner kept no personal possessions in it and slept in it an average of two nights a week while performing sporadic remodeling projects). Accordingly, Wilcox's house was "vacant" for purposes of the Standard Policy.

Because the Court concludes that the Standard Vacancy/Unoccupancy Clause excludes coverage for the loss, the Court will grant Farm Bureau's Motion.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, it is **ORDERED** that Plaintiff Farm Bureau Mutual Insurance Company's Motion for Summary Judgment (Doc. No. 15) is **GRANTED**; and it is **DECIDED** and **DETERMINED** that Farm Bureau owes no coverage to Defendant David Wilcox under Policy No. 7271863, arising out of or relating to the loss discovered by Defendant on November 21, 2004.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: October 31 , 2006                                s/Richard H. Kyle
                                                        RICHARD H. KYLE
                                                        United States District Judge